1
2
3
4
5

6                   UNITED STATES DISTRICT COURT

7                     EASTERN DISTRICT OF CALIFORNIA

8
   JOAQUIN RAMON QUIROZ,            )     1:09-CV-01131 AWI GSA HC
9                                   )
                 Petitioner,        )
10                                  )     FINDINGS AND RECOMMENDATION
        v.                          )     REGARDING RESPONDENT'S MOTION
11                                  )     TO DISMISS
                                    )
12   KEN CLARK,                     )     [Doc. #16]
                                    )
13               Respondent.        )
                                    )
   _____ )
14

15         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

16   pursuant to 28 U.S.C. § 2254.

17                                  **BACKGROUND**

18         Petitioner is currently in the custody of the California Department of Corrections pursuant to

19   a judgment of the Superior Court of California, County of Kern, following his conviction by jury

20   trial on May 9, 2005, of second degree murder with enhancement for possession of a firearm by a

21   ward of the court. (LD 1.[1]) On June 7, 2005, he was sentenced to serve an indeterminate term of 40

22   years to life in state prison. (LD 1.)

23         Petitioner appealed to the California Court of Appeal, Fifth Appellate District (hereinafter

24   "Fifth DCA"). On November 13, 2006, the judgment was affirmed in a reasoned decision. (LD 2.)

25   Petitioner then filed a petition for review in the California Supreme Court. (LD 3.) The court

26   summarily denied the petition on February 21, 2007. (LD 4.)

27

28         _____
           [1]"LD" refers to the documents lodged by Respondent with his motion to dismiss.

U.S. District Court
E. D. California        cd                        1

1    Petitioner then filed four post-conviction collateral challenges with respect to the judgment in

2 the state courts, all petitions for writ of habeas corpus, as follows:

3         1.    <u>Kern County Superior Court</u>
                Filed: December 11, 2007[2];
4               Denied: January 25, 2008;
                Motion for reconsideration filed: February 22, 2008;
5               Motion for reconsideration denied: May 28, 2008;

6         2.    <u>California Court of Appeal, Fifth Appellate District</u>
                Filed: June 1, 2008;
7               Denied: August 7, 2008;
                Motion for rehearing filed: August 11, 2008;
8               Motion for rehearing returned unfiled: August 26, 2008;

9         3.    <u>California Supreme Court</u>
                Filed: September 30, 2008;
10              Denied: March 25, 2009;

11        4.    <u>Kern County Superior Court</u>
                Filed: June 22, 2009;
12              Denied: September 1, 2009.

13 (LD 5-16.)

14    On June 24, 2009, Petitioner filed the instant federal petition for writ of habeas corpus. On

15 October 1, 2009, Respondent filed a motion to dismiss the petition as being filed outside the one-

16 year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition on

17 November 9, 2009. Respondent filed a reply to the opposition on December 16, 2009.

18                                    **DISCUSSION**

19 I.  <u>Procedural Grounds for Motion to Dismiss</u>

20    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

21 petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." <u>See</u>

22 <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990).

23    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

24 the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

25 state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

---

27    [2]Pursuant to the mailbox rule set forth in <u>Houston v. Lack</u>, the Court deems the several habeas petitions filed on the date Petitioner signed them and presumably handed them to prison authorities for mailing, as opposed to the date of their
28 receipt by the court clerk.  <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* <u>Houston v. Lack</u>, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874

F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

should use Rule 4 standards to review the motion.  <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

one-year limitations period. Accordingly, the Court will review Respondent's motion to dismiss

pursuant to its authority under Rule 4.

<u>II.  Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059,

2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.

586 (1997).

In this case, the petition was filed on June 24, 2009, and therefore, it is subject to the

provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

§ 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or

1    other collateral review with respect to the pertinent judgment or claim is pending shall
     not be counted toward any period of limitation under this subsection.
2

3    28 U.S.C. § 2244(d).

4          In most cases, the limitations period begins running on the date that the petitioner's direct

5    review became final.  In this case, the petition for review was denied by the California Supreme

6    Court on February 21, 2007. Thus, direct review concluded on May 22, 2007, when the ninety (90)

7    day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463

8    U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159

9    F.3d 345, 347 (8th Cir.1998).  Petitioner had one year from May 23, 2007, absent applicable tolling,

10   until May 22, 2008, in which to file his federal petition for writ of habeas corpus.  However,

11   Petitioner delayed filing the instant petition until June 24, 2009, over a year beyond the due date.

12   Absent any applicable tolling, the instant petition is barred by the statute of limitations.

13        A.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

14        Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

15   for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

16   pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

17   Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is

18   properly pursuing post-conviction relief, and the period is tolled during the intervals between one

19   state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

20   state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

21   1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year

22   statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

23   petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

24   U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by

25   the federal courts to have been untimely in state court will not satisfy the requirements for statutory

26   tolling. Id.

27        Petitioner's first state habeas petition was filed on December 11, 2007. At that point, 202

28   days of the limitations period had expired. Respondent concedes the limitations period was tolled

while the petition was pending until it was denied on January 25, 2008.  Petitioner argues the limitations period then continued to be tolled because he filed a motion for reconsideration with the Kern County Superior Court on February 22, 2008, which was denied on May 28, 2008. Respondent argues that the motion for reconsideration does not qualify to continue or reopen the first habeas petition. Respondent is correct. Once a California court enters a judgment, that is the end of the matter and the court lacks jurisdiction to reconsider its judgment. APRI Ins. Co. v. Super. Ct., 76 Cal.App.4th 176, 180-82 (1999). Because the superior court lacked jurisdiction to reconsider the judgment, the motion was not properly filed and cannot qualify for statutory tolling. Pace, 544 U.S. 408 (State law governs whether a pleading filed in state court is "properly filed"); Larry v. Dretke, 361 F.3d 890, 894-95 (5th Cir.2004) (State court lacked jurisdiction to consider habeas petition; therefore, petition was not "properly filed" for federal limitation purposes); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir.2002) (Unauthorized motion to extend time for reargument was not "properly filed" for tolling purposes). Since the state court lacked jurisdiction to entertain the motion for reconsideration, it was not a properly filed application and did not operate to toll the statute of limitations.

Nevertheless, Petitioner contends he is entitled to tolling for the 127-day interval between the first petition and the second petition pursuant to Carey. See 536 U.S. at 215. Respondent contends the limitations period should not be tolled because Petitioner did not timely proceed from one state court to the next appellate level. Respondent's argument is not persuasive. Pursuant to the Supreme Court's rulings in Saffold and Chavis, Petitioner is entitled to tolling for this interval if he did not unreasonably delay. Saffold, 536 U.S. at 225; Chavis, 546 U.S. at 197.  In the absence of "clear direction or explanation" from the state court indicating whether the state petition was timely, the federal court "must itself examine the delay . . . and determine what the state courts would have held in respect to timeliness." Chavis, 546 U.S. at 197. In Chavis, the Supreme Court found an unexplained period of six months filing delay to be unreasonable under California law. Id. at 201. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court." Id., *quoting* Saffold, 536 U.S. at 219.

1    In this case, a delay of 127 days would ordinarily be unreasonable if unexplained. Petitioner,

2    however, contends his delay of 127 days was reasonable since he acted diligently, albeit mistakenly,

3    in pursuing his state remedies. Petitioner states he believed the state court misinterpreted his habeas

4    petition, and he therefore attempted to correct his arguments by filing a motion for reconsideration

5    within thirty days of the state court denial. He notes that the state court filed his motion. He states he

6    then waited sixty days pursuant to the California Rules of Court for a decision on his motion. When

7    no decision was forthcoming, on April 24, 2008, he filed a motion requesting a ruling. The motion

8    for reconsideration was denied for lack of jurisdiction on May 28, 2008, and Petitioner immediately

9    filed a habeas petition on June 1, 2008, in the appellate court. In light of these facts, the Court finds

10   Petitioner has provided a reasonable explanation for the delay in filing his second habeas petition.

11   The second petition was therefore timely, and Petitioner is entitled to tolling for the 127-day interval.

12   Respondent concedes that the limitations period was tolled during the pendency of the second

13   and third habeas petitions. He also concedes that the limitations period was tolled during the interval

14   between those two petitions because Petitioner was proceeding in an orderly and timely manner.

15   Thus, the limitations period was tolled until the third habeas petition was denied by the California

16   Supreme Court on March 25, 2009.

17   Petitioner next filed a habeas petition in the Kern County Superior Court on June 22, 2009.

18   Respondent correctly argues that Petitioner is not entitled to tolling for the interval between the filing

19   of the third habeas petition and the fourth, because Petitioner was not proceeding to the next

20   appellate level; rather, he was commencing a new round of collateral review. See Hammerle v.

21   Schriro, 495 F.3d 1069, 1075 (9th Cir.2007) (no tolling between separate rounds of collateral review).

22   Thus, the limitations period resumed on March 26, 2009, with 163 days still remaining (365 - 202 =

23   163). The instant petition, having been filed 90 days later on June 24, 2009, was filed within the

24   limitations period and is therefore timely.

25                                    **RECOMMENDATION**

26   Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be

27   DENIED, and Respondent be DIRECTED to file an answer to the petition.

28   This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

1   States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

2   72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

3   California.

4          Within thirty (30) days after being served with a copy of this Findings and Recommendation,

5   any party may file written objections with the Court and serve a copy on all parties.  Such a

6   document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

7   Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if

8   served by mail) after service of the Objections.  The Finding and Recommendation will then be

9   submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §

10   636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may

11   waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

12   1991).

13

14          IT IS SO ORDERED.

15   **Dated:**    **December 23, 2009**                    _____ **/s/ Gary S. Austin** _____
                                                            UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28