UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOAQUIN RAMON QUIROZ, | ) | 1:09-CV-01131 AWI GSA HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #23] |
| | ) | |
| v. | ) | ORDER DENYING RESPONDENT'S |
| | ) | MOTION TO DISMISS |
| | ) | [Doc. #13] |
| | ) | |
| KEN CLARK, Warden, | ) | ORDER REFERRING MATTER BACK TO |
| | ) | MAGISTRATE JUDGE FOR FURTHER |
| Respondent. | ) | PROCEEDINGS |
| | ) | |

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

   On December 23, 2009, the Magistrate Judge issued a Findings and Recommendation that recommended Respondent's motion to dismiss the petition as untimely be DENIED and Respondent be DIRECTED to file an answer to the petition. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

   On February 17, 2010, Respondent filed objections to the Findings and Recommendation. On

1 March 8, 2010, Petitioner filed a reply to Respondent's objections.

2     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de
3 novo* review of the case. In his objections, Respondent focuses on a four-month interval between
4 two state habeas actions which the Magistrate Judge determined should be statutorily tolled pursuant
5 to 28 U.S.C. § 2244(d)(2). Respondent contends the Magistrate Judge erred in determining that
6 Petitioner's delay was reasonable under state law and then by failing to determine whether
7 Petitioner's delay fell within the scope of the word "pending" for purposes of tolling pursuant to
8 § 2244(d)(2). The Court finds the Magistrate Judge did not err. First, for the reasons set forth in the
9 Findings and Recommendation, which are consistent with the Supreme Court's holding in Evans v.
10 Chavis, 546 U.S. 189, 201 (2006), the four month interval was explained and justified such that the
11 subsequent habeas petition was timely under state law.

12     Second, although the Magistrate Judge does not specifically state so, the application was
13 "pending" for purposes of § 2244(d)(2). Under § 2244(d)(2), the statute of limitations period is tolled
14 for the "time during which a properly filed application for State post-conviction or other collateral
15 review is pending." An application for post-conviction review is pending "while a California
16 petitioner 'completes a full round of state collateral review,'" Delhomme v. Ramirez, 340 F.3d 817,
17 819 (9th Cir.2003), including during the "period between (1) a lower court's adverse determination,
18 and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is
19 timely under state law." Evans, 546 U.S. at 191 (emphasis in original). In this case, Petitioner was in
20 the middle of litigating his first round of collateral review during the time period at issue. His state
21 habeas petition had been denied by the superior court and he was properly proceeding to the next
22 appellate level. In addition, as stated above, the notice of appeal filed in the appellate court was
23 timely given the justified delay. For these reasons, Petitioner is entitled to gap tolling for the four-
24 month interval thereby making the federal petition timely.

25     Having carefully reviewed the entire file and having considered the objections, the Court
26 concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and
27 proper analysis.

28

1   Accordingly, IT IS HEREBY ORDERED that:

2   1. The Findings and Recommendation issued December 23, 2009, is ADOPTED IN FULL;

3   2. Respondent's Motion to Dismiss is DENIED;

4   3. The matter is REFERRED back to the Magistrate Judge for further proceedings; and

5   4. As this is not a "final order" which disposes of all claims in the petition, a certificate of appealability is not required.  28 U.S.C. § 1291; <u>Catlin v. United States</u>, 324 U.S. 229, 233 (1945).

IT IS SO ORDERED.

**Dated:   March 31, 2010**                           **/s/ Anthony W. Ishii**
                                                     CHIEF UNITED STATES DISTRICT JUDGE